**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROMAN ZAMUDIO SALAZAR, also
known as Ramon Zamudio Salazar,

Defendant-Appellant.

No. 00-1398
(D.C. No. 00-CR-143-N)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Defendant was indicted for and pleaded guilty to one count of violating
8 U.S.C. § 1326(a), which prohibits a non-citizen alien from reentering the

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

United States after deportation. The maximum penalty under the statute is two years in prison. Subsection (b) of the statute increases the maximum possible penalty to twenty years in prison if the defendant committed an aggravated felony before deportation. 8 U.S.C. § 1326(b). Defendant's indictment did not allege a violation of § 1326(b), nor did it contain language charging that he had previously committed an aggravated felony.

The district court sentenced defendant to fifty-seven months in prison, followed by three years of supervised release. That sentence included an enhancement because defendant had a prior aggravated felony conviction. On appeal, defendant argues that the maximum prison term to which he is subject is two years. He contends this limit is consistent with the maximum penalty contained in § 1326(a), which is both the offense alleged in the indictment and the offense to which he pleaded guilty. His argument rests on the United States Supreme Court's recent decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000) (to be reported at 530 U.S. 466).

*Apprendi* held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362-63 (emphasis added). As defendant acknowledges, and as the language quoted above makes clear, the *Apprendi* rule is subject to an explicit exception, one the

Supreme Court intended to shield its earlier decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See Apprendi*, 120 S. Ct. at 2361-62.

Interpreting the very statute at issue here, *Almendarez-Torres* ruled that the existence of a prior conviction is merely a sentencing factor, not a separate element of the offense to which the full panoply of due process protections attach. *Id.* at 235. As a consequence, the twenty-year prison term set forth in 8 U.S.C. § 1326(b) may apply even where the indictment failed to allege that the defendant had a prior aggravated felony conviction. *Id*. at 226-27, 235.

Despite expressing misgivings about whether *Almendarez-Torres* was correctly decided, *Apprendi* specifically refused to overrule the earlier decision. *See Apprendi,* 120 S. Ct. at 2362 (stating "[e]ven though it is arguable that *Almendarez-Torres* was incorrectly decided . . . we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset"). Moreover, this court has published two opinions since *Apprendi* stating that *Almendarez-Torres* remains binding authority within this circuit. *See United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000) and *United States v. Dorris*, 236 F.3d 582, 587 (10th Cir. 2000). As we have said before, one panel of this court cannot overrule a decision of another panel. *United States v. Hargus*, 128 F.3d 1358, 1364 (10th. Cir. Cir. 1997).

Defendant informs that he brings his appeal in part to preserve an argument for the Supreme Court. He has done so. It remains our duty, however, to decide his case under the rule announced in *Almendarez-Torres*. The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge