**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO BANDA-ANGUIANO,

    Defendant - Appellant.

No. 00-3324

(D.C. No. 00-CR-10051-JTM)

(D. Kan.)

**ORDER AND JUDGMENT***

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Defendant pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). Prior to his reentry, Defendant had been deported because of a conviction for aggravated assault. That fact is significant. Mere

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unlawful reentry by an alien carries a two-year maximum prison term, whereas unlawful reentry by an alien subsequent to deportation for an aggravated felony carries a twenty-year maximum prison term. See id. Defendant argued to the district court that his reentry sentence could not exceed two years because the indictment never alleged that he had previously been deported subsequent to an aggravated felony conviction. The district court rejected Defendant's argument and sentenced him to forty-six months in prison and two years of supervised release based on the prior conviction. Defendant appeals, arguing that his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).

Defendant acknowledges that his position has been squarely rejected by the Supreme Court and this court. See Aplt. Br., at 2 (citing United States v. Martinez-Villalva, 232 F.3d 1329 (10th Cir. 2000)). In Martinez-Villalva, we noted that Almendarez-Torres v. United States, 523 U.S. 224 (1998),

> held that 8 U.S.C. § 1326(b)(2), which mandates an increased sentence for violation of § 1326(a) if the previous deportation was after commission of an aggravated felony, was not a separate element of the offense that must be proved to a jury beyond a reasonable doubt, but was, instead, merely a sentencing factor based on recidivism. Almendarez-Torres, 523 U.S. at 235, 118 S.Ct. 1219. We are bound by that case to hold that the fact of defendant's prior felony conviction is not an element of the offense with which he was charged by indictment, but is, instead, a sentencing factor. See id. Consequently, the indictment in this case, which did not separately charge defendant with a prior aggravated felony conviction, did not violate defendant's constitutional rights. See id.

Martinez-Villalva, 232 F.3d at 1332. In light of this clear adverse precedent,

-2-

Defendant raises the issue to preserve it for further review before the Supreme Court.  See Aplt. Br., at 2.  Be that as it may, Martinez-Villalva nonetheless compels us to **AFFIRM** the district court's sentence in the instant case.

Entered for the Court


Monroe G. McKay
Circuit Judge