F I L E D
United States Court of Appeals
Tenth Circuit

MAY 30 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOSE RAMON GUAJARDO-
HERNANDEZ,

      Defendant - Appellant.

No. 00-3357
(D.C. No. 00-10050-01-MLB)
(D. Kansas.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

Defendant Guajardo-Hernandez pleaded guilty to one count of illegal

reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). His sentence of fifty-seven

months imprisonment included an enhancement because defendant had previously

been deported for an aggravated felony conviction. See 8 U.S.C. § 1326(b)(2);

U.S.S.G. § 2L1.2(b)(1)(A). Defendant objected to the presentence report, arguing

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

his sentence should not have exceeded the two-year maximum prison term for mere unlawful reentry by an alien because his prior deportation for an aggravated felony conviction was not charged in the indictment. His objection was overruled, and on appeal he challenges the use of a sentence enhancement based on that factor, arguing that his resulting sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.

Defendant acknowledges that his argument runs counter to recent decisions of this Court. In United States v. Martinez-Villalva, 232 F.3d 1329 (10th Cir. 2000), we rejected a nearly identical post-Apprendi claim as foreclosed by the Supreme Court's holding in Almandarez-Torres v. United States, 523 U.S. 224 (1998).

> [An] exception was carved out of the Apprendi holding to account for the Court's holding in Almandarez-Torres[]. . . .
> Almendarez-Torres held that 8 U.S.C. § 1326(b)(2), which mandates an increased sentence for violation of § 1326(a) if the previous deportation was after commission of an aggravated felony, was not a separate element of the offense that must be proved to a jury beyond a reasonable doubt, but was, instead, merely a sentencing factor based on recidivism. We are bound by that case to hold that the fact of defendant's prior felony conviction is not an element of the offense with which he was charged by indictment, but is, instead,

a sentencing factor. Consequently, the indictment in this case, which did not separately charge defendant with a prior aggravated felony conviction, did not violate defendant's constitutional rights.

Martinez-Villalva, 232 F.3d at 1331–32 (citations omitted). Like that case, defendant's sentence "falls squarely within the exception to the Apprendi holding and is governed by Almendarez-Torres." Id. at 1331; see also United States v. Dorris, 236 F.3d 582, 587 (10th Cir. 2000) (reaffirming that Almendarez-Torres is not overruled by Apprendi), cert. denied, 121 S. Ct. 1635 (2001) .

We reject defendant's argument that "[b]ecause the Apprendi decision casts a pall over the validity of Almendarez-Torres, . . . this Court can and should vacate Guajardo's sentence." (Appellant's Br. at 7.) Contrary to defendant's assertion that "stare decisis does not bar this Court from ruling contrary to the holding in Almendarez-Torres," we are bound both by the Supreme Court's holding in Almendarez-Torres and by this Court's recognition that "[t]he Apprendi Court specifically declined to revisit or overrule Almendarez-Torres." Martinez-Villalva, 232 F.3d at 1331. In light of that precedent, defendant's indictment and sentence did not violate his constitutional rights.

Defendant brings this appeal in part to preserve his argument for review by the Supreme Court. With the acknowledgment that he has done so, we **AFFIRM** defendant's sentence.

The mandate shall issue forthwith.

- 3 -

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge