**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 00-1134

RUBEN MARTINEZ-VILLALVA,
a/k/a Ruben Martinez-Villalba, a/k/a
Alfredo Martinez-Rodriguez, a/k/a
Oscar Martinez-Villalba,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 99-CR-296-B)**

---

Submitted on the briefs:

Michael G. Katz, Federal Public Defender, Warren R. Williamson, Assistant
Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Thomas L. Strickland, United States Attorney, Gregory Goldberg, Assistant
United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

---

Before **TACHA** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

**TACHA** , Circuit Judge.

Defendant pleaded guilty to and was convicted of one count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). The district court sentenced him to seventy-seven months' imprisonment, followed by three years of supervised release. That sentence was in accord with the recommendation in the Presentence Investigation Report (PIR) and included a sixteen-level enhancement because defendant had a prior aggravated felony conviction. *See* United States Sentencing Commission, *Guidelines Manual*, § 2L1.2(b)(1)(A). Defendant objected to the PIR, arguing that he was not subject to the sixteen-level enhancement because his prior felony conviction was not an "aggravated felony" as defined at 8 U.S.C. § 1101(a)(43)(G). The district court disagreed.

On appeal, defendant makes the same argument.[1] He maintains that his conviction in Kansas state court was not an "aggravated felony," as that term is defined by federal law. Thus, he argues that the district court's sixteen-level enhancement to his base offense level was improper. His position is that the proper enhancement would have been a four-level increase applicable where a defendant was convicted of a felony other than an aggravated felony. *See* USSG

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

§ 2L1.2(b)(1)(B). In addition to the sentencing guideline argument, defendant filed a supplemental brief raising the question of the applicability of a recently decided Supreme Court case, *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).[2] We address that supplemental issue first.

## I. Applicability of *Apprendi*

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362-63. As defendant correctly concedes, the *Apprendi* Court made it clear that its holding is subject to a narrow exception and is not applicable when the sentence-enhancing fact is a prior conviction, as in this case. The exception was carved out of the *Apprendi* holding to account for the Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The *Apprendi* Court specifically declined to revisit or overrule *Almendarez-Torres*. *Apprendi*, 120 S. Ct. at 2362 ("Even though it is arguable that *Almendarez-Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the

---

[2]     Defendant states that he raised this issue in a supplemental brief in this appeal in order to preserve it for further review by the Supreme Court, in light of the Court's recent decision in *Apprendi*. Appellant's Supp. Br. at 1, 2, 6.

decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset."). This case falls squarely within the exception to the *Apprendi* holding and is governed by *Almendarez-Torres*.

*Almendarez-Torres* held that 8 U.S.C. § 1326(b)(2), which mandates an increased sentence for violation of § 1326(a) if the previous deportation was after commission of an aggravated felony, was not a separate element of the offense that must be proved to a jury beyond a reasonable doubt, but was, instead, merely a sentencing factor based on recidivism. *Almendarez-Torres*, 523 U.S. at 235. We are bound by that case to hold that the fact of defendant's prior felony conviction is not an element of the offense with which he was charged by indictment, but is, instead, a sentencing factor. *See id.* Consequently, the indictment in this case, which did not separately charge defendant with a prior aggravated felony conviction, did not violate defendant's constitutional rights. *See id.*

## II. Prior Felony Conviction

Before we reach the merits of defendant's sentencing guidelines argument, we must determine our standard of review. Defendant submits that review of whether a prior conviction was for an "aggravated felony" is de novo. The government, though acknowledging that we review application of the sentencing

-4-

guidelines de novo, argues that the narrow question of what sentence the Kansas state court imposed is a factual one that should be reviewed for clear error.

"We review the district court's interpretation and application of the Sentencing Guidelines de novo." *United States v. Chavez-Valenzuela*, 170 F.3d 1038, 1039 (10th Cir. 1999). Stated differently, how the guidelines apply to defendant's conviction for illegal reentry is a question of law that we review de novo. *See United States v. Ramos-Garcia*, 95 F.3d 369, 371 (5th Cir. 1996). Defendant's argument is that the district court erred in enhancing his sentence by sixteen levels under the guidelines on account of a prior aggravated felony conviction. This challenge is to the district court's application and interpretation of the guidelines, and, consequently, we review the district court's action de novo. *See United States v. Lugo*, 170 F.3d 996, 1006 (10th Cir. 1999) (reviewing de novo whether prior conviction was felony or misdemeanor under state law, in deciding whether defendant's prior conviction was an aggravated felony, and characterizing question as an interpretation of sentencing guidelines).[3]

---

[3] The government cites an unpublished order and judgment from this court as authority for its position that the standard of review on this question is clear error. As stated in 10th Cir. R. 36.3(A), an order and judgment is not binding precedent. Further, 10th Cir. R. 36.3(B) states that citation to unpublished decisions is disfavored. However, subsection (1) of that rule provides for citation of an unpublished decision, but only if "it has persuasive value with respect to a material issue that has not been addressed in a published opinion." This court's published decision in *Lugo* applied a de novo standard of review to precisely the

(continued...)

The guidelines provide for a sixteen-level enhancement to the base offense level when the defendant was previously deported after conviction of an aggravated felony. USSG § 2L1.2(b)(1). The application notes following § 2L1.2(b)(1) state that "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43). USSG § 2L1.2(b)(1), comment. (n.1). Turning to the relevant portion of that statute, an "aggravated felony" includes "a theft offense . . . for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(G). Further, subsection 48 of the statute states that "[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." *Id.* § 1101(a)(48)(B).

Our analysis of this issue is guided by the underlying principle that it is the government's burden to prove the facts supporting a sentence enhancement by a preponderance of the evidence. *See United States v. Rice*, 52 F.3d 843, 848 (10th Cir. 1995). The only evidence before the district court regarding defendant's theft conviction in state court was a state court Journal Entry.

[3](...continued)
same issue (whether a prior conviction was a felony or misdemeanor under state law) that the unpublished case reviewed for clear error. Consequently, the government's citation to the unpublished decision, in light of this court's published authority, was contrary to 10th Cir. R. 36.3(B)(1).

The Journal Entry, which is written in the third-person as a narrative, states in relevant part:

> IT IS, THEREFORE, BY THE COURT ORDERED, ADJUDGED AND DECREED, that the defendant shall be sentenced pursuant to K.S.A. 21-3701, 21-4501, 21-4601, 21-4603, 21-4606, 21-4608, 21-4609 and 21-4614, to a term of confinament [sic] in the custody of the Secretary of Corrections of the State of Kansas for a term of not less than one (1) year nor more than two (2) years. The Court further orders that the defendant shall be given credit for time served.
>
> Thereupon, Mr. Levy makes an oral application for probation on behalf of the defendant. After hearing the same and receiving arguments the Court grants probation upon conditions stated upon the Record.
>
> IT IS, THEREFORE, FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Oscar MARTINEZ, shall be placed upon unsupervised probation for a term of two (2) years and that this probation is granted because this is the defendant's first offense and also because said offense is a class E felony involving no violence or loss of property, the same having been returned.

R., Addendum to PIR, Attach. A at 1-2.

Based on this evidence, the district court held that the government had shown by a preponderance of the evidence that plaintiff had a prior felony conviction for which the term of imprisonment was at least one year. In reaching that conclusion, the district court held as a matter of law that the legal effect of the Kansas state court's Journal Entry was a suspended sentence of one to two years' confinement and two years of probation. Both parties agree that, if the Kansas court imposed a suspended sentence of at least one year's imprisonment followed by probation, the conviction would constitute an aggravated felony

under federal law. *See* 8 U.S.C. § 1101(a)(48)(B); *Chavez-Valenzuela*, 170 F.3d at 1039; Appellant's Br. at 8; Appellee's Br. at 9. On the other hand, the parties agree that if the legal effect of the state court's sentence was an original sentence of probation, the conviction would not be an aggravated felony under federal law. *See United States v. Guzman-Bera*, 216 F.3d 1019, 1020 (11th Cir. 2000); *United States v. Banda-Zamora*, 178 F.3d 728, 730 (5th Cir. 1999); Appellant's Br. at 8; Appellee's Br. at 9-10.

After de novo review, we cannot say that the state court Journal Entry establishes by a preponderance that defendant's prior conviction was for an aggravated felony, as defined by the statute. The government asks us to interpret the Journal Entry as having the legal effect of a one-year to two-year suspended sentence of imprisonment. However, the Journal Entry itself does not state that the court suspended the sentence of imprisonment, and the government has submitted no other evidence that the court imposed a suspended sentence of imprisonment.

To the contrary, reading the Journal Entry in light of Kansas law indicates that the court imposed a statutory presumptive sentence of probation. The Journal Entry reflects that the court imposed a one-year to two-year sentence of imprisonment, pursuant to several state statutes, which are listed in the Journal Entry. After the sentence of imprisonment was imposed, defense counsel

requested that the defendant be sentenced, instead, to probation. Arguments were heard on the motion, and the court then imposed a sentence of two years' probation. In doing so, the court parroted the language in another state statute (not among those the court previously identified as the basis for the one-year to two-years' imprisonment), which states that the presumptive sentence for a person in defendant's position is probation. Given these circumstances, and absent evidence that the state court sentence was actually a suspended sentence of imprisonment, it appears that the legal effect of the state court action was an original sentence of probation.

We do not, however, even need to go that far. At the very least, we can say that the government did not establish by a preponderance of the evidence that the legal effect of the state court's action was a suspended term of imprisonment. From the Journal Entry alone, "it is not possible to discern with the required certainty whether the state court intended to assess a term of imprisonment and suspend imposition thereof, or to place [defendant] directly on probation." *United States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997). Consequently, we hold that the government did not establish by a preponderance of the evidence that defendant was sentenced to a term of imprisonment of at least one year. Thus, the government failed to carry its burden of establishing a conviction for an aggravated felony for purposes of enhancing defendant's

sentence pursuant to USSG § 2L1.2(b)(1)(A). We REMAND this case to the district court for re-sentencing.