**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

MIGUEL CHAVES MORENO,

Defendant-Appellee.

No. 00-1458
(D.C. No. 00-CR-212-N)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Defendant was indicted for and pleaded guilty to one count of violating
8 U.S.C. § 1326(a), which prohibits a noncitizen alien from reentering the
United States after deportation. The maximum penalty under the statute is two

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

years in prison. Subsection (b) of the statute increases the maximum possible penalty to twenty years in prison if the defendant committed an aggravated felony before deportation. 8 U.S.C. § 1326(b). Defendant's indictment did not allege a violation of § 1326(b), nor did it contain language charging that he had previously committed an aggravated felony.

While acknowledging that application of the relevant sentencing guidelines would result in a longer prison term, the district court nevertheless sentenced defendant to twenty four months in prison. The court stated that it regarded this as the maximum sentence available under the offense charged in the indictment. It based its ruling on the United States Supreme Court's recent decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000) (to be reported at 530 U.S. 466).

According to the district court, *Apprendi* effectively overruled an earlier Supreme Court decision, *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Interpreting the very statute at issue here, *Almendarez-Torres* held that the existence of a prior conviction is merely a sentencing factor, not a separate element of the offense to which the full panoply of due process protections attach. *Id.* at 235. As a consequence, said *Almendarez-Torres*, the twenty year prison term set forth in 8 U.S.C. § 1326(b) may apply even where the indictment failed to allege that the defendant had a prior aggravated felony conviction. *Id*. at 227, 235.

On appeal, the government argues that *Apprendi* did not overrule *Almendarez-Torres,* and that the district court therefore erred in imposing a two year sentence on defendant. The government is correct.

*Apprendi* held that " *[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362-63 (emphasis added). As the language quoted above plainly states, the *Apprendi* rule is subject to an explicit exception, one the Supreme Court intended to shield, at least for the present moment, *Almendarez-Torres.*

Granted, as the district court noted, *Apprendi* expressed misgivings about whether *Almendarez-Torres* was correctly decided. *See Apprendi,* 120 S. Ct. at 2362 (stating "it is arguable that *Almendarez-Torres* was incorrectly decided"). And as defendant observes, Justice Thomas wrote a concurring opinion in *Apprendi*, in which he explicitly stated that he had erred in joining the narrow, five-four majority in *Almendarez-Torres*. *Id.* at 2379 (Thomas, J., concurring).

But it is equally true that the *Apprendi* Court specifically declined to overrule its earlier decision, treating *Almendarez-Torres* as "a narrow exception to the general rule" it announced in *Apprendi*. *Id.* at 2362. Additionally, this court has quite recently published two opinions making it unmistakably clear that *Almendarez-Torres* remains binding authority within this circuit. *See United*

*States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th. Cir. 2000) and *United States v. Dorris*, 236 F.3d 582, 587 (10th. Cir. 2000). The district court, we note, did not have the benefit of these decisions at the time it rendered sentence.

Until and unless the Supreme Court overrules *Almendarez-Torres*, that decision will continue to govern this case and others like it. This case is REMANDED to the United States District Court for the District of Colorado with instructions to vacate the sentence previously entered and to enter a new sentence consistent with this decision.

Entered for the Court

Bobby R. Baldock
Circuit Judge