**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 1 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HECTOR CAMACHO-JIMINEZ, also
known as Hector J. Camacho, also
known as Ignacio Camacho, also
known as Frederico Camacho,

Defendant-Appellant.

No. 00-4154
(D.C. No. 00-CR-001-C)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **PORFILIO,** and **ANDERSON** , Circuit Judges.

Defendant pleaded guilty to one count of illegal entry following deportation

in violation of 8 U.S.C. § 1326(a). The district court sentenced defendant to

forty-six months of incarceration, followed by thirty-six months of supervised

release. The sentence calculation included a sixteen-level enhancement for

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

defendant's prior conviction of an aggravated felony. *See* 8 U.S.C. § 1326(b)(2); U.S. Sentencing Commission, *Guidelines Manual*, § 2L1.2(b)(1)(A). Defendant now appeals, arguing that the district court erred in enhancing his sentence based on a factor that was not charged in the indictment and to which he did not plead guilty.[1]

Defendant bases his argument on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that facts used to enhance the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Defendant argues that because the indictment did not charge him with the prior conviction of an aggravated felony, and because he did not plead guilty to that fact, the sentencing court could not rely on the prior conviction to enhance his sentence in accordance with 8 U.S.C. § 1326(b)(2).

In *Apprendi*, however, the Court explicitly excepted from its rule cases in which the enhancement factor is a prior conviction. 530 U.S. at 487-90. The Court did so based on its previous decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), in which it held that the existence of a prior conviction is merely a sentencing factor, not a separate element of the offense to

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

which the full panoply of due process protections attach. Accordingly, the increased prison term set forth in 8 U.S.C. § 1326(b) may apply even when an indictment does not allege the prior conviction of an aggravated felony. *Almendarez-Torres*, 523 U.S. at 226-27, 235.

Although the Court expressed misgivings in *Apprendi* about whether it correctly decided *Almendarez-Torres*, the Court nonetheless refused to overrule its earlier decision. 530 U.S. at 489-90. This court, therefore, is "bound by [*Almendarez-Torres*] to hold that the fact of defendant's prior felony conviction is not an element of the offense with which he was charged by indictment, but is, instead, a sentencing factor." *United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000); *see also United States v. Dorris*, 236 F.3d 582, 587 (10th Cir. 2000) (rejecting defendant's efforts to challenge the continuing validity of *Almendarez-Torres*), *cert. denied*, 121 S. Ct. 1635 (2001).

Defendant concedes that our decision in *Martinez-Villalva* requires us to reject his claim, but states that he is bringing this appeal to preserve the issue for Supreme Court review. He has done so. It remains our duty to decide his case

under the rule announced in *Almendarez-Torres*. Accordingly, the judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge