**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE CIPRIANO MENDIAS-CHAVEZ,

    Defendant-Appellant.

No. 00-3412
(D. Kan.)
(D.Ct. No. 00-CR-10093-JTM)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Jose Cipriano Mendias-Chavez appeals his sentence after

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pleading guilty to illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326 (a) and (b)(2). The district court sentenced Mr. Mendias-Chavez to sixty months in prison. The district court's sentencing calculation included a sixteen-level enhancement for Mr. Mendias-Chavez's prior conviction of an aggravated felony. *See* 8 U.S.C. § 1326(b)(2); United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

On appeal, Mr. Mendias-Chavez argues his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) because the indictment did not charge him with the prior aggravated felony offense. In so doing, Mr. Mendias-Chavez acknowledges the United States Supreme Court has squarely rejected his position in *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), as has this court in *United States v. Martinez-Villalva*, 232 F.3d 1329 (10th Cir. 2000). Nevertheless, Mr. Mendias-Chavez states he is raising an *Apprendi* argument to preserve it for further review before the Supreme Court.

We review the district court's application and interpretation of the United States Sentencing Guidelines *de novo*. *See Martinez-Villalva*, 232 F.3d at 1332. As Mr. Mendias-Chavez notes, the issue in this case is identical to that previously

analyzed and decided by the Supreme Court in *Almendarez-Torres,* and this circuit in *Martinez*. For judicial economy, we will not repeat the same analysis here, other than to conclude that the district court's imposition of a sixteen-level enhancement based on Mr. Mendias-Chavez's prior aggravated felony conviction does not violate *Apprendi*.

Accordingly, we **AFFIRM** Mr. Mendias-Chavez's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge