**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS SALLAS-MORENO,
also known as Jesus Arriola-Garcia,

Defendant-Appellant.

No. 00-4199
(D.C. No. 00-CR-332-B)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals his sentence following a plea of guilty to one count of illegal entry following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Defendant was sentenced to seventy months' imprisonment, which included a sixteen-level enhancement (from a base level of eight) based on his prior conviction of an aggravated felony. See 8 U.S.C. § 1326(b)(2); USSG § 2L1.2(b)(1)(A). Although he submitted objections to the presentence report, he did not object to the sixteen-level enhancement for having previously sustained an aggravated felony. Appellant's Br. at 3. At the sentencing hearing the district court granted a downward departure from Category VI to Category V. Id.

On appeal, defendant argues that his sentence must be vacated because § 1326(b), the statute for the crime of conviction, carries a maximum sentence of two years' imprisonment. The basis for his argument is the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), in which the Court held that facts used to enhance the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Specifically, he argues that because he was neither charged with, nor pleaded guilty to, the prior felony conviction, the sentencing court erred in relying on the prior conviction to enhance his sentence under 28 U.S.C. § 1326(b)(2).

Defendant acknowledges, as he must, that the Supreme Court has also held that an indictment need not allege a prior felony conviction in order for a district court to enhance a sentence because § 1326(b)(2) creates a sentencing factor, not a separate element of the offense. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Moreover, this court has squarely held that the Apprendi Court did not overrule Almendarez-Torres, but rather carved out an exception by stating that "'*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" United States v. Martinez-Villalva, 232 F.3d 1329, 1331 (10th Cir. 2000) (quoting Apprendi, 530 U.S. at 490) (emphasis added). Like Martinez-Villalva, defendant's sentence "falls squarely within the exception to the Apprendi holding and is governed by Almendarez-Torres." Id.

Defendant concedes that relief is foreclosed by Almendarez-Torres and this court's decision in Martinez-Villalva, see Appellant's Br. at 11-12, but seeks to preserve his argument for review by the Supreme Court in anticipation Almendarez-Torres will be overruled. He has done so. "Nevertheless, *Almendarez-Torres* has not been overruled and directly controls our decision

in this case." United States v. Dorris, 236 F.3d 582, 587 (10th Cir. 2000), cert. denied, 121 S. Ct. 1635 (2001).

AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge