**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RUBEN CORRAL-CARAVEO,

    Defendant-Appellant.

No. 00-1514
(D.C. No. 00-CR-307-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

In order to preserve the issue for Supreme Court review, Ruben Corral-Caraveo ("Corral-Caraveo") appeals his sentence for illegal re-entry on the ground that it violates Apprendi v. New Jersey, 530 U.S. 466 (2000), even though he concedes that his appeal is foreclosed by binding Supreme Court and Tenth Circuit precedent. See Opening Brief at 4, 7, 9-10. We AFFIRM.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On July 25, 2000, the Government indicted Corral-Caraveo for illegal re-entry in violation of 8 U.S.C. §1326(a). (Doc. 10.) The indictment did not allege a violation of 8 U.S.C. § 1326(b)(2) (increasing maximum sentence to 20 years in prison if deportation was subsequent to a conviction of an aggravated felony) , nor did it mention that sub-section. On August 18, 2000, Corral-Caraveo and his lawyer signed a plea agreement in which Corral-Caraveo agreed to plead guilty to one count of illegal re-entry in return for the Government recommending that Corral-Caraveo be sentenced at the bottom of the applicable guideline range. (Doc. 16 at 1.) The plea agreement listed, as "elements of the offense of conviction," only the elements of illegal re-entry; it did not list Corral-Caraveo's prior conviction of an aggravated felony. (Doc. 16 at 2.) The plea agreement did, however, state that "the maximum statutory penalty for the offense is: not more than 20 years in prison" (Doc. 16 at 2) and "[Sentencing Guideline] §2L1.2(b)(1)(B) applies because the defendant was previously deported after conviction for an aggravated felony." (Doc. 16 at 5.)

Corral-Caraveo pled guilty under the terms of the plea agreement on September 7, 2000. (Supp. Vol. 1 at 17.) Before accepting his guilty plea, the court explained to Corral-Caraveo that "the maximum term is twenty years" (Supp. Vol. 1 at 9) and under the Guidelines he was "subject to a sentence from

- 2 -

77 to 96 months." (Supp. Vol. 1 at 10.) Corral-Caraveo affirmed that he understood the terms of the proposed sentence. (Supp. Vol. 1 at 10.)

On October 30, 2000, Corral-Caraveo filed an objection to the imposition of a sentence greater than two years. (Doc. 23.) He argued that "[w]hile the Supreme Court has previously held that the prior aggravated felony is a sentencing factor under § 1326, see Almendarez-Torres v. United States, 523 U.S. 224 (1998), that decision has been limited, or alternatively abrogated, by the more recent decision of Apprendi v. New Jersey, [530 U.S. 466 (2000)]." (Doc. 23 at 1.) At sentencing, on December 4, 2000, Corral-Caraveo conceded that United States v. Martinez-Villalva, 232 F.3d 1329, 1332 (10th Cir. 2000), was directly on point and disposed of his argument. (Vol. 2 at 5.) Accordingly, the court overruled his objection and sentenced him to 96 months imprisonment, followed by three years supervised release. (Vol. 2 at 12-13.)

"We are bound by [Almendarez-Torres] to hold that the fact of defendant's prior felony conviction is not an element of the offense with which he was charged by indictment, but is, instead, a sentencing factor." United States v. Martinez Villalva, 232 F.3d 1329, 1332 (10th Cir. 2000) (citing Almendarez-Torres, 523 U.S. at 235); see also United States v. Dorris, 236 F.3d 582, 587 (10th Cir. 2000) (rejecting defendant's efforts to challenge the continuing validity of Almendarez-Torres), cert. denied, 121 S. Ct. 1635 (2001).

"Consequently, the indictment in this case, which did not separately charge defendant with a prior aggravated felony conviction, did not violate defendant's constitutional rights." Martinez-Villalva, 232 F.3d at 1332.

Corral-Caraveo has preserved this issue for appeal to the United States Supreme Court. We AFFIRM his sentence.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge