**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL ALCALA-RODRIGUEZ,
also known as Raymundo Sanchez-
Villadares,

Defendant-Appellant.

No. 01-4067
(D.C. No. 00-CR-619-B)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Manuel Alcala-Rodriguez pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). Violation of this statute carries a maximum prison sentence of two years, but § 1326(b)(2) provides enhanced prison terms of up to twenty years for those who reenter the country illegally and have a previous aggravated felony conviction. In a written statement made in advance of his plea, defendant admitted prior felony convictions. Under the enhancement provisions of § 1326(b)(2), and after adjusting for acceptance of responsibility and taking into account defendant's criminal history, the district court sentenced him to forty-one months' imprisonment, followed by a term of supervised release.

On appeal, defendant relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to argue that his sentence exceeds the maximum penalty for the offense because the fact of his prior conviction was not submitted to a jury or proved beyond a reasonable doubt. *Apprendi*, however, acknowledged that a narrow exception to this general rule, established in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), applies when the fact used to enhance the sentence is a prior conviction. *Apprendi*, 530 U.S. at 490. Relying on *Almendarez-Torres*, this court has held that an indictment which does not contain a separate charge for prior conviction of an aggravated felony does not violate constitutional rights. *United*

-2-

*States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000). We are bound by *Almendarez-Torres* and therefore reject appellant's arguments.

Defendant concedes that relief from this court is foreclosed by *Almendarez-Torres* and this court's decisions in *Martinez-Villalva* and *United States v. Dorris*, 236 F.3d 582 (10th Cir. 2000), *cert. denied*, 121 S. Ct. 1635 (2001), but seeks to preserve his argument for review by the Supreme Court in the event that *Almendarez-Torres* is overruled. He has done so. "Nevertheless, *Almendarez-Torres* has not been overruled and directly controls our decision in this case." *Dorris*, 236 F.3d at 587. Accordingly, the sentence imposed by the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge