**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio SIMENTAL–RODRIGUEZ,**
**Defendant–Appellant.**

**No. 01–2264.**

United States Court of Appeals,
Tenth Circuit.

Oct. 7, 2002.

David N. Williams, Asst. U.S. Attorney, Office of the United States Attorney, Albuquerque, NM, for Plaintiff–Appellee.

Antonio Simental–Rodriguez, White Deer, PA, for Defendant–Appellant.

Before SEYMOUR, HENRY and BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT*

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Antonio Simental–Rodriguez, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Because he has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

On April 28, 2000, defendant was charged by information with one count of reentering the United States in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). On that same date, defendant waived the right to be charged by indictment and entered a guilty plea to the count charged in the information. Defendant was sentenced to a term of imprisonment of 57 months. Defendant did not file a direct appeal.

On May 31, 2001, defendant filed a pro se § 2255 motion asserting that his sen-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

tence exceeded the two-year statutory maximum sentence set forth in 8 U.S.C. § 1326(a) and was therefore in violation of the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Defendant also asserted that his sentence was in violation of his Fifth Amendment right to indictment by a grand jury and his due process rights. The district court summarily dismissed defendant's motion, noting that, contrary to defendant's assertions, "the information ... expressly charge[d][him] with reentering the United States as a deported alien in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2)." ROA, Doc. 3. Because defendant's sentence did not exceed the statutory maximum charged in the information, the court concluded that *Apprendi* was inapplicable and defendant's constitutional rights were not violated.

In order to make a substantial showing of the denial of a constitutional right, defendant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted). Nothing in the facts, the record on appeal, or defendant's application for COA or brief raises an issue which meets this standard. As noted by the district court, the information specifically referenced § 1326(b)(2), thereby placing him on notice that he was subject to the enhanced penalties set forth in that subsection. Even ignoring that statutory reference, defendant's case is governed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that § 1326(b)(2) is not a separate element of the offense that must be proved to a jury beyond a reasonable doubt, but is instead merely a sen-

tencing factor based on recidivism. *See United States v. Martinez–Villalva,* 232 F.3d 1329, 1331–32 (10th Cir.2000) (rejecting similar argument asserted by defendant charged with violating § 1326(a) and sentenced under § 1326(b)(2)).

As a final matter, we note that defendant has attempted to raise on appeal new issues regarding the constitutional effectiveness of his defense counsel. Because those issues were not asserted in the district court, we decline to address them. *See United States v. Mora,* 293 F.3d 1213, 1216 (10th Cir.2002) ("[W]e find no reason to deviate from the general rule that we do not address arguments presented for the first time on appeal.").

Defendant's request for a COA is DENIED and the appeal is DISMISSED. Defendant's request to proceed on appeal in forma pauperis is DENIED. The mandate shall issue forthwith.