UNITED STATES of America,
Plaintiff–Appellee,

v.

Jesus Gamiel RIVERA–ALVAREZ,
also known as Antonio Rodriguez–Gonzalez, Defendant–Appellant.

No. 01–1083.

United States Court of Appeals,
Tenth Circuit.

July 26, 2001.

Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT *

BALDOCK, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Jesus Rivera Alvarez pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). Violation of this statute carries a maximum prison sentence of two years, but § 1326(b)(2) provides enhanced prison terms of up to twenty years for those who reenter the country illegally and have a previous aggravated felony conviction. At

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his plea hearing, defendant admitted that he had previously been convicted of an aggravated felony. Relying on the enhancement provisions of § 1326(b)(2), the district court sentenced him, inter alia, to seventy months' imprisonment.

On appeal, defendant contends that his sentence is unconstitutional because it exceeds the maximum penalty for the offense of conviction. He bases his argument on *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the Court held that facts used to enhance the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi,* however, acknowledged that a narrow exception to this general rule, established in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), applies when the fact used to enhance the sentence is a prior conviction. *Apprendi,* 530 U.S. at 488–90, 120 S.Ct. 2348. Defendant concedes that relief from this court is foreclosed by *Almendarez–Torres* and this court's decision in *United States v. Martinez–Villalva,* 232 F.3d 1329, 1332 (10th Cir.2000), but seeks to preserve his argument for review by the Supreme Court in anticipation that *Almendarez–Torres* will be overruled.

We acknowledge defendant's effort, but, as he understands, we cannot grant him relief because we are bound by *Almendarez–Torres* and *Martinez–Villalva.* See *Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) ("[I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.") (quotation omitted); *United States v. Hargus,* 128 F.3d 1358, 1364

(10th Cir .1997) (one panel of this court cannot overrule a decision of another panel). The sentence imposed by the district court is therefore AFFIRMED.