**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAFAEL PEREZ-AGUIRRE, also
known as Bardomiano Perez-Macedo,

    Defendant-Appellant.

No. 00-8053
(District of Wyoming)
(D.C. No. 00-CR-46-01-D)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **PORFILIO**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

I. INTRODUCTION

    Defendant-appellant Rafael Perez-Aguirre entered a guilty plea to illegally

reentering the United States following deportation and prior conviction for an

aggravated felony in violation of 8 U.S.C. §§ 1326(a)(2) and 1326(b)(2). The

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court sentenced Perez-Aguirre to seventy months imprisonment. On appeal, Perez-Aguirre challenges the district court's refusal to depart from the sentencing guidelines and the enhancement of his sentence based on a prior aggravated felony conviction that was not charged in the indictment. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court as to the sentence enhancement issue but lacks the authority to exercise jurisdiction as to the departure issue.

## II. BACKGROUND

Perez-Aguirre was stopped for speeding near Powell, Wyoming. During the course of the traffic stop, the patrolman conducted a consensual search of the vehicle and discovered a fraudulent Social Security card and a fraudulent alien registration card. Perez-Aguirre was arrested and identified as a previously deported alien who had been convicted of a controlled substance felony. The records revealed that Perez-Aguirre had not received permission by the Attorney General to reenter the United States.

Perez-Aguirre was indicted for (1) illegally reentering the United States following deportation and prior conviction for an aggravated felony, (2) knowingly and willfully using a fraudulent alien registration card, and (3) knowingly and falsely, with intent to deceive, using a social security account number not assigned to him. Perez-Aguirre pleaded guilty to the first charge, and

the government dismissed the other two counts in the indictment. At the sentencing hearing, Perez-Aguirre requested a downward departure from the sentencing guidelines, which the district court refused to grant. Perez-Aguirre was sentenced to seventy months imprisonment.

III. DISCUSSION

On appeal, Perez-Aguirre challenges the district court's refusal to grant a downward departure from the sentencing guidelines. He claims the district court refused to recognize its authority and responsibility to grant the departure, which he requested in light of his rehabilitation, family situation, community involvement, and employment history. This court may exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines only when "the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998).

During the sentencing hearing, the district court in this case heard arguments from Perez-Aguirre and the government regarding the defendant's request for a downward departure. The transcript of the hearing clearly demonstrates that the sentencing court considered Perez-Aguirre's circumstances but ultimately determined that there was nothing about the defendant "that takes him outside the heartland of cases in any respect." There is nothing in the record

-3-

to support Perez-Aguirre's assertion that the district court misunderstood its authority to depart from the sentencing guidelines. Thus, this court has no jurisdiction to review Perez-Aguirre's departure claim.

Perez-Aguirre also alleges his constitutional rights were violated because his sentence was enhanced under 8 U.S.C. § 1326(b)(2) due to a prior aggravated felony conviction that was not included as an element of the charged crime in the indictment. Perez-Aguirre further asserts the district court should have advised him that he was entitled to a jury determination on the element of his prior conviction. In *Almendarez-Torres v. United States*, the Supreme Court held that the increased punishment for a prior deportation after commission of an aggravated felony under 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate element of the charged offense which must be included in the indictment and for which there must be a jury determination. *See* 523 U.S. 224, 230-35 (1998); *see also United States v. Martinez-Villalva*, 232 F.3d 1329, 1331-32 (10th Cir. 2000) (holding that Supreme Court's decision in *Almendarez-Torres* was unaffected by the Supreme Court's later decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Perez-Aguirre's claim is without merit.

IV. CONCLUSION

For the foregoing reasons, this court may not exercise jurisdiction to review the district court's refusal to depart from the sentencing guidelines. With respect

to the sentence enhancement at issue, this court **AFFIRMS** the district court.


ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge