F I L E D
United States Court of Appeals
Tenth Circuit

SEP 10 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

JIMMY T. DAVIS,

     Defendant - Appellant.

No. 00-3377
(D.C. No. 00-CV-3202-WEB)
(D. Kan.)

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

STEPHEN G. HASLIP,

     Defendant - Appellant.

No. 00-3380
(D.C. No. 00-CV-3263-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Messrs. Davis and Haslip (collectively "Petitioners") seek a certificate of appealability ("COA") to appeal from the district court's denial of their habeas corpus motions brought pursuant to 28 U.S.C. § 2255. Petitioners were convicted of bank robbery, 18 U.S.C. § 2113(a), using or carrying a firearm during the bank robbery, 18 U.S.C. § 924(c)(1), and possession of a firearm after a prior felony conviction, 18 U.S.C. § 922(g)(1). United States v. Davis, 166 F.3d 1222, 1999 WL 29160, at *1 (10th Cir. Jan. 26, 1999) (unpublished); United States v. Haslip, 160 F.3d 649, 652 (10th Cir. 1998). They were each sentenced to 322 months imprisonment, Davis, 1999 WL 29160, at *2; Haslip, 160 F.3d at 652, and ordered to pay $3,705.81 in restitution. R. doc. 159, at 4 (Davis judgment); R. doc.124, at 4 (Haslip judgment). After their convictions were affirmed on appeal, Davis, 1999 WL 29160, Haslip, 160 F.3d 649, Petitioners filed § 2255 motions in district court. R. doc. 189 (Davis motion); R. doc. 197 (Haslip motion). The court denied the motions and also denied COAs. R. doc. 204, at 9 (Davis motion); R. doc. 200, at 7 (Haslip motion). Petitioners now apply to this court for COAs.[1]

_____

[1] The Tenth Circuit court clerk raised a jurisdictional issue regarding the timeliness of Mr. Haslip's appeal and referred it to the merits panel. The district court dismissed Mr. Haslip's § 2255 motion on September 18, 2000. R. doc. 200. Mr. Haslip was therefore required to file a notice of appeal by November 17, 2000. Fed. R. App. P. 4(a)(1)(B); Fed. R. Gov. § 2255 Proceed. Although Mr. Haslip's notice of appeal was filed on November 24, R. doc. 208, his application for a COA was mailed to this court on November 17. We construe this

We have jurisdiction under 28 U.S.C. §§ 1291, 2253(c), and we deny COAs and dismiss the motions.

Mr. Davis identifies the following issues which he believes warrant the issuance of a COA. First, he contends that the district court lacked subject-matter jurisdiction to try and convict him under 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1) because the Government did not present evidence to the Grand Jury that Mr. Davis "received the weapons as they traveled [in] interstate commerce," an element of a § 922(g)(1) offense. Davis COA App. at 5-6, 7. Second, Mr. Davis argues that the indictment was defective because the "entire language of . . . 18 U.S.C. § 2 ("Aiding and Abetting") was omitted from Counts One, Two, and Four . . . ." Id. at 6, 8. Third, Mr. Davis contends that the restitution order was unconstitutional because the district court allowed the Federal Bureau of Prisons to deduct payments from Mr. Davis's account under the Inmate Financial Responsibility Program. Id. at 11-12. Mr. Davis argues ineffective assistance of counsel as cause excusing his failure to raise each of these claims on direct appeal. Id. at 10-11. Fourth, Mr. Davis asserts that counsel was also ineffective for failing to present a diminished capacity defense and request a competency

application as a notice of appeal. Fed. R. App. P. 3(c). Smith v. Barry, 502 U.S. 244, 248-49 (1992). Mr. Haslip's notice of appeal was, therefore, timely filed. Fed. R. App. P. 4(c).

hearing. Id. at 13-16. Finally, Mr. Davis argues cumulative error on the part of trial counsel. Id. at 3.

Mr. Haslip has identified the following issues in his COA application. First, he argues that he was denied substantive due process under Apprendi v. New Jersey, 530 U.S. 466 (2000), because "the indictment failed to allege key elements[:]" interstate commerce, Haslip COA App. at 3, prior convictions, id. at 6, 9, and the statutory language for aiding and abetting. Id. at 9. Second, Mr. Haslip alleges that he was deprived of effective assistance of counsel because counsel did not move to dismiss the indictment on these grounds, id. at 3, 9, and that counsel's deficient performance excused his failure to raise this issue at trial or on direct appeal. Id. at 5-6, 12, 14. Third, Mr. Haslip asserts that trial counsel was ineffective for failing to move to suppress pre-trial identification of Mr. Haslip in a photo lineup and that appellate counsel was likewise ineffective for not raising this issue on appeal.[2] Id. at 3, 15. Fourth, he argues that the district court "may not delegate to the bureau of prisons' inmate financial responsibility program the judicial authority to set the amount of restitution

---

[2] Specifically, Mr. Haslip argues that the photo lineup was suggestive because witnesses could not identify Mr. Haslip as the robber immediately after the robbery, and were only able to conclude that Mr. Haslip's photograph was "similar" to the robber. Haslip COA App. at 16. Mr. Haslip also argues that the photo lineup was unduly suggestive because "Falls River State Bank," the name of the bank robbed, was written across the page and happened to appear above Mr. Haslip's photograph. Id.

installment payments." Id. at 3 (emphasis omitted); see also id. at 19. Again, Mr. Haslip argues that ineffective assistance of counsel excused his failure to raise this issue on direct appeal. Id. at 20. Finally, Mr. Haslip contends that he was deprived of effective trial counsel insofar as counsel "failed to submit vital evidence of one of the prior convictions." Id. at 4, 21.

We have reviewed the motions, the district court orders denying the motions, the COA applications, and the record. Having done so, we deny Petitioners a COA. As a preliminary matter, we will not consider Petitioners' claims that the indictment was defective because the statutory language for aiding and abetting was omitted. Petitioners did not raise the claims below. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). For this same reason, we do not consider Mr. Haslip's final claim that counsel failed to present important evidence pertaining to a prior conviction.

The remaining claims in Mr. Davis's application do not warrant the issuance of a COA. 28 U.S.C. § 2253(c)(2). The government was required to show only that Mr. Davis possessed a firearm "in or affecting commerce . . . ." 18 U.S.C. 922(g). Mr. Davis does not argue that the government failed to make this showing. Further, the district court's restitution order was proper because Mr. Davis was ordered to pay restitution immediately. R. doc. 159, at 5 (Davis judgment). Mr. Davis's arguments of ineffective counsel are meritless; he was

not prejudiced by counsel's failure to raise the arguments before the court, Strickland v. Washington, 466 U.S. 668, 687, 694 (1984), and the claims are therefore procedurally barred. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).

A diminished capacity defense would have been, as the district court observed, "inconsistent with Davis' primary defense at trial—that he was not present during the bank robbery." R. doc. 204, at 8; see also Davis, 1999 WL 29160, at *3-4. Nor has Mr. Davis shown, with reasonable probability, that a diminished capacity defense would have produced a different outcome. Strickland, 466 U.S. at 694. We reach the same conclusion with respect to counsel's failure to request a competency hearing at trial. After trial, Mr. Davis was found competent to stand trial, and we affirmed this finding on appeal. Davis, 1999 WL 29160, at *5-6. Finally, because trial counsel was not ineffective, there was no cumulative error.

Mr. Haslip's claims are equally without merit. The grand jury found that Mr. Haslip possessed a weapon in and affecting interstate commerce. R. doc. 39, at 3. Moreover, Apprendi "is not applicable when the sentence-enhancing fact is a prior conviction . . . ." United States v. Martinez-Villalva, 232 F.3d 1329, 1331 (10th Cir. 2000). The restitution order was also proper because Mr. Haslip was ordered to pay restitution immediately. R. doc. 124, at 5 (Haslip judgment). Mr.

Haslip was therefore not prejudiced by counsel's failure to move to dismiss the indictment on these grounds, Strickland, 466 U.S. at 694, and these claims are procedurally barred. Cook, 45 F.3d at 392.

Mr. Haslip's ineffective assistance of counsel claim relating to pre-trial identification is also without merit. The district court docket sheet reflects that counsel in fact moved to suppress the photo lineup. R. doc. 200, at 5 (citing R. doc. 30). Mr. Haslip has not convinced us that the pre-trial identification procedures were so suggestive or unreliable (if at all), United States v. Bredy, 209 F.3d 1193, 1195 (10th Cir.), cert. denied, 531 U.S. 897 (2000), as to constitute a "dead-bang winner," i.e., error requiring reversal on appeal. Cook, 45 F.3d at 395.

Accordingly, we DENY Petitioners COAs and DISMISS the petitions.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge