**UNITED STATES of America,
Plaintiff Appellee,**

v.

**Aaron Alaniz RIVERA, Defendant
Appellant.**

**No. 01–4015.**

United States Court of Appeals,
Tenth Circuit.

Oct. 10, 2001.

Before ANDERSON and BALDOCK,
Circuit Judges, and BRORBY, Senior
Circuit Judge.

## ORDER AND JUDGMENT *

BALDOCK, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Aaron Alaniz Rivera pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). Violation of this statute carries a maximum prison sentence of two years, but § 1326(b)(2) provides enhanced prison terms of up to twenty years for those who reenter the country illegally and have a previous aggravated felony conviction. In a written statement made in advance of his plea, defendant admitted a prior conviction for burglary. Under the enhancement provisions of § 1326(b)(2), the district court sentenced him to seventy-seven months' imprisonment, followed by a term of supervised release.

On appeal, defendant relies on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to argue that his sentence violates due process because the fact of his prior conviction was not contained in the indictment and not submitted to a jury or proved beyond a reasonable doubt. *Apprendi*, however, acknowledged that a narrow exception to this general rule, established in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), applies when the fact used to enhance the sentence is a prior conviction. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. Relying

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

on *Almendarez–Torres*, this court has held that an indictment which does not contain a separate charge for prior conviction of an aggravated felony does not violate constitutional rights. *United States v. Martinez–Villalva*, 232 F.3d 1329, 1332 (10th Cir.2000). We are bound by *Almendarez–Torres*, and therefore reject appellant's arguments.[1]

Defendant's counsel, in a separate brief filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), concedes that relief from this court is foreclosed by *Almendarez–Torres* and this court's decisions in *Martinez–Villalva* and *United States v. Dorris*, 236 F.3d 582 (10th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 1635, 149 L.Ed.2d 495 (2001), but seeks to preserve appellant's argument for review by the Supreme Court in the event that *Almendarez–Torres* is overruled. He has done so. "Nevertheless, *Almendarez–Torres* has not been overruled and directly controls our decision in this case." *Dorris*, 236 F.3d at 587. Accordingly, the sentence imposed by the district court is AFFIRMED.

---

1. Appellant also contends that some of the convictions listed on the Pre Sentence Report are not his and that his counsel was aware of the problem but did nothing to correct the record. Appellant's Br. at 1. More specifically, appellant states that a conviction dated February 18, 1991, is listed in error. However, this is not the conviction on which defendant's enhancement under § 1326(b) was based and appellant's challenge to it therefore does not implicate his sentence.