**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willis Jeffrey KELLY, Defendant–Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Willis Jeffrey Kelly, Defendant–
Appellant.

Nos. 01–2229, 01–2230.

United States Court of Appeals,
Tenth Circuit.

April 12, 2002.

Before HENRY and LUCERO, Circuit Judges, and STEPHEN H. ANDERSON, Senior Circuit Judge.

### ORDER AND JUDGMENT *

STEPHEN H. ANDERSON, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Petitioner Willis Jeffrey Kelly appeals from the district court's dismissal with prejudice of his motion to amend sentence brought pursuant to Fed.R.Crim.P. 32, and of its dismissal with prejudice of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2255. This matter is before the court in part on petitioner's pro se applications for certificates of appealability (COA) for leave to appeal pursuant to 28 U.S.C. § 2253(c). Because we determine that petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right and that his appeal from the dismissal of his Rule 32 motion is frivolous, we deny his applications and dismiss the appeals.

### I. Appeal No. 01–2229

Both cases arise from Mr. Kelly's sentencing for his convictions for burglary and attempted escape. In district court case No. 99–1048, Mr. Kelly moved to correct

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his sentence under Rules 32 and 35 of the Federal Rules of Criminal Procedure after both final judgment and a notice of appeal had been entered. The district court treated the motion as one brought pursuant to 28 U.S.C. § 2255 and denied relief. On appeal, we agreed that relief under Rule 32 was not available, but we vacated the order and remanded the case to permit Mr. Kelly to make all of his collateral arguments in a single motion under 28 U.S.C. § 2255. *United States v. Kelly*, 235 F.3d 1238, 1241–42 & n. 2 (10th Cir.2000). Before the order of remand had been entered, Mr. Kelly filed a separate petition for writ of habeas corpus. After remand, the court denied the Rule 32 motion as moot and dismissed it with prejudice, but consolidated all of the habeas arguments contained in that motion into Mr. Kelly's previously filed § 2255 petition. R. No. 99–1048, Doc 19; Doc. 18 at 1, 6 (noting that both the § 2255 motion to amend sentence and the remanded claims from case No. 99–1048 were before the district court and addressing both motions in a single, recommended disposition).

Initially, we treat Mr. Kelly's application for a COA as an appeal from this second dismissal of his Rule 32 motion. We review *de novo* the court's decision that the motion should be dismissed as moot. *See Bldg. & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1491 (10th Cir.1993).

Mr. Kelly argues that the district court should be reversed because it "silently recharacteriz[ed]" the Rule 32 motion as a petition for habeas corpus. Because we have already fully addressed that issue in our previous order, this argument is frivolous. Further, because we have previously held that Mr. Kelly was not entitled to relief under Rule 32 because of the procedural posture of the case, we conclude that the district court properly dismissed case No. 99–1048 as moot.

We next address Mr. Kelly's substantive habeas arguments insofar as they were consolidated into his § 2255 motion and relate to the merits of the COA. When reviewing the denial of a § 2255 motion, we review the district court's legal rulings *de novo* and its factual findings for clear error. *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir.1998). Mr. Kelly argues that a COA should be granted because the district court failed to make written findings regarding his objections to the presentence investigation report as required by Rule 32(c). This argument is frivolous. The district court specifically addressed Mr. Kelly's claims and held that none of his objections "enhanced his sentencing range or increased his sentence," and that its prior failure to make specific written findings regarding each objection was therefore not prejudicial. *See* R. No. 99–1048, Doc. 4 at 2. Not only does Mr. Kelly's allegation of error not implicate the denial of a constitutional right; we also find no error in the district court's conclusions. *See United States v. Archer*, 70 F.3d 1149, 1151 (10th Cir.1995) (holding that a criminal defendant is not entitled to resentencing based on a Rule 32 violation unless he was prejudiced by that violation).

Mr. Kelly next argues that the district court erroneously determined that he was a career offender under section 4B1.1 of the United States Sentencing Guidelines (Guidelines). The district court summarily concluded that his "objection to the finding that he was a career offender under U.S.S.G. § 4B1.1 has no factual or legal basis." R. No. 99–1048, Doc. 4 at 2. Without citing authority for his position or relevant record for this court to review, Mr. Kelly claims that the two prior felony convictions used to establish career offender status at sentencing were but "one crime" and should be considered as one prior felony conviction. This court took judicial

notice of the presentence report filed in Mr. Kelly's criminal case, and we note that the two convictions used for career offender status were for burglary of a residence and first degree rape. Clearly, those two crimes of violence do not count as "one crime" or a single prior felony.

Mr. Kelly also claims, without citing authority, that his crime of attempted escape was not a crime of violence as defined in the Guidelines and that his sentencing violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because an allegation that escape was a crime of violence was not included in the original indictment. It appears that those claims were not raised before the district court and are deemed waived. *United States v. Cook*, 997 F.2d 1312, 1316 (10th Cir.1993). Even if we used our discretion to consider the arguments for plain error, we would conclude that both are totally without merit.

First, we have repeatedly held that, "regardless of the facts underlying a particular escape, the offense of escape, by its nature, presents a serious potential risk of injury to another and is thus properly characterized as a 'crime of violence.'" *United States v. Mitchell*, 113 F.3d 1528, 1533 n. 2 (10th Cir.1997). Second, the district court's conclusions that Mr. Kelly had two prior violent felony convictions and was therefore subject to the career offender enhancement is not subject to challenge under *Apprendi*. *See United States v. Martinez–Villalva*, 232 F.3d 1329, 1331–32 (10th Cir.2000).

Finally, Mr. Kelly argues that the district court erred in imposing restitution to the credit union he burglarized. In the district court, Mr. Kelly objected only to the amount of restitution. The district court established that the credit union had submitted itemized receipts "for repairs to the credit union that were necessitated based upon the destruction of their property," *see* R. 00–1256, Doc. 17, App. F. at 1, and properly denied habeas relief on that basis, *see id.*, Doc. 29, at 20. On appeal Mr. Kelly makes additional arguments regarding restitution that we will not consider, as they were not raised in the district court. *See Cook*, 997 F.2d at 1316. We conclude that Mr. Kelly has failed to make "a substantial showing of the denial of a constitutional right." *See* § 2253(c)(2).

## II. Appeal No. 01–2230

In our appeal No. 01–2230, Mr. Kelly appeals from the final order in district court case No. 00–1256, the habeas petition containing the balance of Mr. Kelly's arguments. Mr. Kelly raises four issues: that he was denied the right to constitutionally effective assistance of counsel (1) at trial, (2) during sentencing, and (3) on direct appeal; and that (4) the trial court lacked jurisdiction to try him because the indictment was invalid. We have carefully considered Mr. Kelly's brief, his supplemental brief, the record, and the relevant law. In regard to his claims of ineffective assistance of counsel on direct appeal, we have carefully examined the record before us and Mr. Kelly's allegations of error, and we find no basis for his claims that his appellate counsel was ineffective for having failed to raise meritless issues that Mr. Kelly desired to raise on direct appeal. Mr. Kelly's counsel was obliged to continue to represent him until either the time for appeal elapsed and no appeal had been taken or until we had relieved counsel of that duty. *See* 10th Cir. R. 46.3(A). Further, the record belies Mr. Kelly's claim that the district court "removed" his counsel from representing him. We also disagree with Mr. Kelly's claim that the magistrate judge failed to address jurisdictional issues with respect to his claim of defective indictment.

For these reasons, and for substantially the same reasons given in the report and recommendations of the magistrate judge filed May 1, 2001, we conclude that Mr. Kelly has failed to demonstrate the denial of a constitutional right by showing the issues raised are debateable among jurists; that a court could resolve the issues differently; or that the questions deserve further proceedings. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Mr. Kelly's motion to file a supplemental opening brief is granted. Mr. Kelly's appeal of the district court's dismissal of his Rule 32 motion as moot is denied as frivolous and the appeal is DISMISSED. The consolidated applications for certificates of appealability are DENIED and the § 2255 appeal is DISMISSED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.