**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICTOR DANIEL CHAVARRIA-
AHUMADA,

    Defendant-Appellant.

No. 02-2263
(District of New Mexico)
(D.C. No. CIV-02-709 JC)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This matter is before the court on Victor Daniel Chavarria-Ahumada's *pro se* request for a certificate of appealability ("COA"). Chavarria-Ahumada seeks a COA so that he can appeal the district court's dismissal of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a final order denying a § 2255 motion unless the movant first obtains a COA). Because Chavarria-Ahumada has not made a "substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** the appeal.

Chavarria-Ahumada pleaded guilty to illegally reentering the United States after having been previously deported following conviction for an aggravated felony; he was sentenced to a term of imprisonment of fifty-seven months. *See* 8 U.S.C. § 1326(a), (b). His plea agreement contained a waiver of his right to appeal or collaterally attack his conviction. Nevertheless, Chavarria-Ahumada filed the instant § 2255 motion alleging that his counsel was ineffective and that his guilty plea was not knowing and voluntary. In essence, Chavarria-Ahumada argued that his attorney had misled him into signing a plea agreement which bargained away his right to appeal or collaterally attack his conviction in exchange for sentence reduction that he would have received anyway. In denying relief, the district court noted that Chavarria-Ahumada's motion was defeated by his own allegations. In particular, Chavarria-Ahumada conceded in his pleadings

that he would have pleaded guilty even if he had not been "induced" by his counsel to sign the plea agreement and did not assert that his sentence would have been further reduced if he had not signed the plea agreement.

On October 17, 2002, Chavarria-Ahumada filed a request for a COA with this court (the "October 17th Request"). The October 17th Request sought a COA on the same issues raised before the district court. Shortly thereafter, this court notified Chavarria-Ahumada that the October 17th Request did not conform with court rules because it was not submitted on the form mandated by this court. *See* 10th Cir. R. 22.1(A) (providing that a request for a COA must be made on the form provided by the court). When Chavarria-Ahumada eventually filed a conforming request for a COA, he specifically noted that he did not seek a COA on the issues raised before the district court but, instead, sought to raise an entirely new issue[1]: whether § 1326(b) is unconstitutional in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

_____

[1]In his most recent request for a COA, Chavarria-Ahumada indicated as follows:

> In as I have been allowed to submit an additional petition for certificate of appealability, I now wish to take this opportunity to submit an application which is completely different from the petition I submitted earlier.
>
> In reviewing [the October 17th Request], I note it is a motion which has no merit in the law. I was assisted by what is called a "jail-house lawyer" or rather someone who does not fully understand the law. My intent was to reduce my Federal sentence which I have always felt excessive.

To be entitled to a COA, Chavarria-Ahumada must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003) (quotations omitted). In deciding whether Chavarria-Ahumada has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 1040. Although Chavarria-Ahumada need not demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

In light of the standards set out above, it is clear that Chavarria-Ahumada is not entitled to a COA. First, none of the issues presented in Chavarria-Ahumada's application for a COA were raised in the district court. This court generally does not review issues that were not raised in the district court. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). Second, Chavarria-Ahumada's plea agreement contained a waiver of his right to collaterally challenge his conviction. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) (holding that a waiver of collateral attack rights in a plea

agreement will be enforced where both the waiver and the plea are knowingly and voluntarily made). As Chavarria-Ahumada has conceded in his request for a COA that his plea agreement is knowing and voluntary, this court will enforce his waiver of rights to collaterally attack his conviction. Finally, it is absolutely clear that Chavarria-Ahumada's claims relating to *Apprendi* are meritless. *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir.) ("*Apprendi* is not a watershed decision and hence is not retroactively applicable to initial habeas petitions."), *cert. denied*, 123 S. Ct. 388 (2002); *United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000) (Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) that § 1326(b) sets out sentencing enhancement rather than element of aggravated crime is unaffected by *Apprendi*).

For those reasons set out above, Chavarria-Ahumada's request for a COA is **DENIED**. This appeal is hereby **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-5-