**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCELINO HERNANDEZ-
MORALES, also known as Marcelino
Hernandez, also known as Marcelino
H. Morales, also known as Marcelino
Moral,

Defendant - Appellant.

No. 02-1521
(D.C. No. 02-CR-229-D)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

Defendant-Appellant Marcelino Hernandez-Morales pled guilty to one

count of unlawful reentry into the United States following deportation subsequent

to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

(b)(2). (ROA I at Docs. 1, 18.) Before he was sentenced, Defendant filed an objection to the Presentence Investigation Report ("PSIR"). He challenged a proposed twelve-level enhancement to his sentence for having been previously convicted of a drug-trafficking offense for which the sentence imposed was thirteen months or less, pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(B). (ROA IV at Addendum.) Defendant argued that because the drug trafficking offense had not been alleged in the indictment for the crime to which he was now pleading guilty, using that offense to enhance his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court rejected that argument, applied the twelve-level enhancement to Defendant, and sentenced him to, inter alia, 56 months' imprisonment.

On appeal, Defendant reasserts the Apprendi challenge to his sentence. As did the district court, we reject that argument as squarely foreclosed by Circuit and Supreme Court precedent. As we stated in United States v. Martinez-Villalva, 232 F.3d 1329 (10th Cir. 2000),

> [T]he fact of defendant's prior felony conviction is not an element of the offense with which he was charged by indictment, but is, instead, a sentencing factor. Consequently, the indictment in this case, which did not separately charge defendant with a prior aggravated felony conviction, did not violate defendant's constitutional rights.

Id. at 1332 (citing Apprendi, 530 U.S. at 489–80, and Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998)).

Accordingly, we AFFIRM Defendant's sentence.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge