F I L E D
United States Court of Appeals
Tenth Circuit

JAN 24 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

MARCELINO HERNANDEZ-
MORALES, also known as Marcelino
Hernandez, also known as Marcelino
H. Morales, also known as Marcelino
Moral,

      Defendant - Appellant.

No. 04-1299
(D.C. No. 03-D-2297 (CBS))
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Marcelino Hernandez-Morales, a federal inmate

appearing pro se, seeks a certificate of appealability ("COA") to challenge the

district court's denial of his 28 U.S.C. § 2255 motion and a subsequent motion to

alter or amend the judgment that raised claims pursuant to Blakely v. Washington,

124 S. Ct. 2531 (2004). Where the district court denies a habeas petition on the

merits, a COA should issue when the petition "demonstrate[s] that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court denies a petition on procedural grounds, a COA should only issue when the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district was correct in its procedural ruling." Id.; see also Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Because we determine that Mr. Hernandez-Morales has not made such a showing, we deny a COA and dismiss the appeal.

Mr. Hernandez-Morales pleaded guilty to one count of unlawful reentry into the United States following deportation subsequent to a conviction for an aggravated felony. 8 U.S.C. § 1326(a) & (b)(2). He objected at sentencing to a twelve-level enhancement for having been previously convicted of a drug-trafficking offense for which the sentence imposed was thirteen months or less. U.S.S.G. § 2L1.2(b)(1)(B). Both the district court and this court on direct appeal rejected his claim that the enhancement should have been contained in the indictment pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). United States v. Hernandez-Morales, No. 02-1521, 2003 WL 21750745, at *1 (10th Cir. July 29, 2003).

Mr. Hernandez then filed his § 2255 motion claiming (1) ineffective assistance of counsel based on counsel's promise that the sentence would not

include the enhancement, (2) his plea was not knowingly made given the alleged misrepresentation and the lack of an adequate translator during the plea process, and (3) the district court improperly applied the enhancement not in conformity with the Sentencing Guidelines. The district court rejected all three grounds. R. Doc. 61. Thereafter, Mr. Hernandez-Morales filed a motion to alter or amend judgment claiming that Blakely related to his third claim. R. Doc. 62 at 2. On motion of the government, the district court determined that Mr. Hernandez-Morales was attempting to raise a new claim in the motion to alter or amend and directed the clerk to transfer the motion to the court of appeals as a second or successive § 2255 motion. R. Doc. 69.

Thereafter, Mr. Hernandez-Morales on his own applied to this court for leave to file a second or successive § 2255 motion on Blakely grounds. A panel of this court denied leave and dismissed the matter on the grounds that the Supreme Court has not held Blakely applicable to the federal sentencing guidelines, let alone retroactively to review cases on collateral review. Hernandez-Morales v. United States, No. 04-1335, Order at 2 (Oct. 7, 2004).

In seeking a COA in this case (04-1299), Mr. Hernandez-Morales raises only the applicability of Blakely. This claim is not reasonably debatable–the district court lacked jurisdiction over the motion to alter or amend the judgment as a second or successive § 2255 motion, and the court of appeals has rejected the

same claim.

Accordingly, we DENY COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge