**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ARTURO TORRES-CARRANZA,

      Defendant - Appellant.

No. 06-4037
(D.C. No. 05-CR-607-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Arturo Torres-Carranza appeals from his sentence

following a plea of guilty to one count of illegal reentry into the United States in

violation of 8 U.S.C. § 1326. The district court sentenced Mr. Torres-Carranza to

57 months imprisonment and three years supervised release. On appeal, Mr.

Torres-Carranza argues that the maximum that the district court could legally

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

sentence him to was 24 months. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

## Background

On August 17, 2005, Mr. Torres-Carranza was indicted on one count of illegal reentry into the United States. The government filed a notice of sentencing enhancement based on Mr. Torres-Carranza's prior felony conviction for aggravated assault, resulting in a possible sentence of imprisonment of not more than 20 years pursuant to 8 U.S.C. § 1326(b). Mr. Torres-Carranza entered a plea of guilty and in a statement in advance of the guilty plea he acknowledged he was aware of this maximum term and admitted he had a previous felony conviction for aggravated assault. I R. Doc. 11 at 1, 7-8.

According to the Pre-Sentence Report ("PSR"), this prior aggravated assault conviction triggered a 16-level sentencing enhancement. U.S.S.G. § 2L1.2(b)(1)(A)(ii). After adjusting for acceptance of responsibility, the total offense level was 21 (with a criminal history category of IV), and the PSR concluded that the applicable Sentencing Guidelines range was 57-71 months. PSR at 2, 8-9. Mr. Torres-Carranza did not object to the PSR.

## Discussion

On appeal, Mr. Torres-Carranza contends that because the indictment

charged him with a violation of 8 U.S.C. § 1326 and did not allege that he had been previously convicted of an aggravated felony, his sentence of 57 months exceeds the maximum penalty (24 months) for the offense of conviction as alleged in the indictment. Because Mr. Torres-Carranza failed to raise this issue before the district court, our review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Fed. R. Civ. P. 52(b). Thus, Mr. Torres-Carranza must demonstrate that the sentence contains (1) error, (2) that is plain, and (3) that the error affects substantial rights. United States v. Visinaiz, 428 F.3d 1300, 1308 (10th Cir. 2005). If this is shown, we may exercise discretion to correct the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)) (alteration in original).

Mr. Torres-Carranza forthrightly acknowledges that the Supreme Court and the Tenth Circuit have ruled against his position. Aplt. Br. at 3 (citing Almendarez-Torres v. United States, 523 U.S. 224 (1998) and United States v. Martinez-Villalva, 232 F.3d 1329 (10th Cir. 2000)). The government contends that because an aggravated felony conviction is a sentencing factor and not a separate element of the offense, the district court properly sentenced him within the 20-year statutory maximum. See Almendarez-Torres, 523 U.S. at 226-28, 235; Martinez-Villalva, 232 F.3d at 1332. We agree. No error exists here, plain or otherwise.

We also reject Mr. Torres-Carranza's argument that the district court lacked the jurisdiction to sentence him for a crime with which he was not charged. Aplt. Br. at 7-8. As noted, with respect to § 1326, a prior conviction is a sentencing factor and not an element of the offense that must be alleged in the indictment. Almendarez-Torres, 523 U.S. at 226-27. We adhere to this position. See United States v. Moore, 401 F.3d 1220, 1223-24 (10th Cir. 2005).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge