**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUAN CARLOS TAPIA,

    Defendant-Appellant.

No. 00-6408
(D.C. No. CR-00-90-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Juan Carlos Tapia appeals from a final judgment in his criminal case. He was convicted of one count of being found in the United States after being deported without the permission and consent of the Attorney General. *See* 8 U.S.C. § 1326(a). He received a sentence of forty-six months' imprisonment, followed by two years' supervised release.

Violation of § 1326(a) carries a maximum penalty of not more than two years in prison. Where, however, the defendant's removal was subsequent to a conviction of an aggravated felony, the maximum penalty increases to twenty years. *See* 8 U.S.C. § 1326(b)(2). The district court applied a 16-level sentencing enhancement pursuant to USSG § 2L1.2(b)(1)(A) because it found that Tapia had a prior conviction for illegal possession of a firearm, an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43).

Tapia contends, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the prior aggravated felony should have been alleged in the indictment and pleaded and proved beyond a reasonable doubt. He essentially concedes that this argument is foreclosed if *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), remains good law. Tapia argues, however, that *Apprendi* has implicitly overruled *Almendarez-Torres*.

We have previously rejected this contention. "The *Apprendi* Court specifically declined to revisit or overrule *Almendarez-Torres*." *United States v.*

*Martinez-Villalva*, 232 F.3d 1329, 1331 (10th Cir. 2000). Instead, in *Apprendi*, the Supreme Court specifically carved out an exception for the rule of *Almendarez-Torres*, by holding that the fact of a prior conviction need not be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 1332.[1] *Almendarez-Torres* applies here, and the district court therefore did not err by applying the prior aggravated felony enhancement.

For the foregoing reasons, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

---

[1] In addition, under *Apprendi* and *Almendarez-Torres*, the fact of the prior conviction need not be included in the indictment. *See United States v. Wilson*, 244 F.3d 1208, 1216 (10th Cir. 2001), *cert. denied*, 2001 WL 606873 (U.S. June 29, 2001) (No. 00-10289).