*Abdalla v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-four.

PRESENT:
>JOHN M. WALKER, JR.,
>SUSAN L. CARNEY,
>MICHAEL H. PARK,
>>*Circuit Judges.*

---

Ibrahim Akasha Abdalla,

>*Petitioner-Appellant,*

>v.                                                          22-1780

United States of America,

>*Respondent-Appellee.*

---

| | |
|---|---|
| FOR PETITIONER-APPELLANT: | D. CRAIG HUGHES, Houston, Texas |
| FOR RESPONDENT-APPELLEE: | JASON RICHMAN, Assistant United States Attorney, (Hagan Scotten, Assistant United States Attorney, *on the brief*) *for* Damian Williams, United States Attorney for the Southern District of New York |

Appeal from an order of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED**, and the case is **REMANDED**.

Ibrahim Akasha Abdalla appeals the denial of his motion to vacate his sentence. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we discuss only as required to explain our decision.

Abdalla pleaded guilty to six counts arising out of an international heroin and methamphetamine importation conspiracy. Under his October 2018 plea agreement, the stipulated Guidelines range was life imprisonment, and both the government and probation recommended that a life sentence be imposed. Pointing to both the 300-month sentence given to Abdalla's codefendant (whom the district court considered more culpable) and Abdalla's role as a willing lieutenant in the scheme, the district court varied downward and imposed a sentence of 276 months' imprisonment. We affirmed. *See generally United States v. Abdalla*, 839 F. App'x 656 (2d Cir. 2021) (discussing the background of the case on direct appeal).

Abdalla then filed a motion seeking to vacate his sentence under 28 U.S.C. § 2255. In his motion, Abdalla argued that his trial counsel rendered ineffective assistance by failing to timely communicate an initial plea offer issued in August 2018—two months before a different offer, which he ultimately accepted. *See Missouri v. Frye*, 566 U.S. 134 (2012). Under the earlier offer, Abdalla would have pleaded guilty to only two counts, not six, yielding a stipulated Guidelines range of 262–327 months instead of the life range specified in the accepted offer. Abdalla submitted a sworn declaration stating that, had his former counsel timely informed him of the August offer, he would have accepted it.

The district court denied Abdalla's motion without an evidentiary hearing, reasoning that Abdalla would not have been prejudiced by his counsel's alleged failure to timely communicate the earlier plea offer. The district court stated that Abdalla could not show prejudice primarily because (1) he ultimately received a sentence within the Guidelines range of the unaccepted plea, and (2) he received concurrent (rather than consecutive) sentences on the counts contained only in the accepted plea. We initially granted Abdalla a certificate of appealability, and we now vacate and remand.

We review a district court's denial of an evidentiary hearing on a § 2255 motion for abuse of discretion. *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). An evidentiary hearing is required if a § 2255 movant can show a "plausible" claim to relief, which is not the same as demonstrating he will ultimately prevail; a hearing is properly denied only if the record "conclusively show[s]" that the prisoner is entitled to no relief. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009); *see* 28 U.S.C. § 2255(b). To demonstrate prejudice under *Frye*, a prisoner must "demonstrate a reasonable probability" that (1) he "would have accepted the earlier plea offer" if counsel had communicated it, (2) "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it," and (3) "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." 566 U.S. at 147.

The district court never solicited an affidavit or testimony from Abdalla's trial counsel as to whether Abdalla was given the opportunity to accept the government's initial offer. Abdalla submitted an affidavit stating that he was not given that opportunity. Unlike when a defendant proceeds to trial, Abdalla's acceptance of the later offer tends to corroborate his affidavit. *See Puglisi*, 586 F.3d at 215 (noting that a petitioner may make out a prima facie case that he would

3

have accepted a plea offer through his "own sworn statement if it is credible in light of all the relevant circumstances"). Neither the government nor the district court offered any reason to believe that, had Abdalla accepted the first offer, it would not have been accepted by the district court.

Finally, the record does not "conclusively show" that Abdalla suffered no prejudice as a result of his pleading guilty under the terms of the second offer, for two reasons. First, the stipulated Guidelines range went from 262 to 327 months' imprisonment in the first offer to life in the second offer, and both the government and the Probation Office recommended a sentence of life. In light of the importance of a proper Guidelines calculation as the starting point for sentencing, we cannot be certain that the increased Guidelines range in the second offer had no effect on the district court's chosen sentence. Second, the government made frequent reference at Abdalla's sentencing hearing to conduct encompassed by charges included only in the second offer. The government's discussion of this conduct may well have been more persuasive because Abdalla had pleaded guilty to the additional charges.

For the foregoing reasons, we conclude that Abdalla has met his initial burden of showing a plausible claim to relief and that the district court should have sought a sworn statement from his trial counsel and, if necessary, held an evidentiary hearing on Abdalla's claims. *See Gonzalez*, 722 F.3d at 131. We express no opinion on the merits of Abdalla's claims. The district court's order is **VACATED**, and the case is **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4